# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TERIELL SCOTT,<br><br>Defendant. | Criminal Action No. 18-547 (MAS)<br><br>**MEMORANDUM ORDER** |

This matter comes before the Court upon the Government's Motion in Limine (ECF No. 22), to which Defendant Teriell Scott ("Defendant") replied (ECF No. 23). The Court, having carefully considered the parties' submissions, decides the matter without oral argument pursuant to Local Civil Rule 78.1, which is applicable to criminal cases under Local Criminal Rule 1.1. For the reasons set forth herein, the Court grants in part and denies in part the Government's Motion in Limine.

On May 17, 2019, the Government filed the instant Motion in Limine (Govt's Moving Br., ECF No. 22) seeking to: (1) prohibit Defendant from arguing in support of jury nullification; and (2) admit evidence of Defendant's prior felony conviction should Defendant choose to testify.[1] (*Id.*) In his opposition correspondence, Defendant acknowledges the Third Circuit case law regarding jury nullification, states he will not argue in support of it, and further contends that "the Court should conduct [the Federal Rule of Evidence 609] balancing test at the conclusion of the

---

[1] The Government indicates that it anticipates entering into a stipulation with Defendant that would establish that Defendant had committed a prior felony (a prerequisite to a conviction under 18 U.S.C. § 922(g)(1)), but would not provide the details of the prior felony conviction. (*Id.* at 13 n. 3.)

[G]overnment's case and only if the Defendant elects to testify." (Def.'s Opp'n Correspondence, ECF No. 23.)

The Court need not address the Government's contentions regarding jury nullification as both parties agree that arguing in support of jury nullification is clearly prohibited. *See, e.g., United States v. Boone*, 458 F.3d 321, 329 (3d Cir. 2006). Regarding admitting evidence of Defendant's prior felony conviction, however, the Government notes that it would only move to admit Defendant's prior felony of Possession of Heroin with Intent to Distribute conviction if Defendant chooses to testify. (Govt's Moving Br. 13 n. 3.) Because at this time it is unknown to the Court whether Defendant will testify, the Court defers ruling on this issue, if it is so required, until the conclusion of the Government's case. If Defendant chooses to testify, the Government may renew its motion to admit evidence of Defendant's prior felony conviction. Accordingly,

**IT IS** on this 25th day of July 2019, **ORDERED** that:

1. The Government's Motion in Limine (ECF No. 22) is **GRANTED** as to prohibiting Defendant from arguing for jury nullification.

2. The Government's Motion in Limine (ECF No. 22) is **DENIED** without prejudice as to admitting evidence of Defendant's prior felony of Possession of Heroin with Intent to Distribute.

3. The Government may renew its motion to admit the above-referenced evidence at the close of the Government's case.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**